# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-966**

**STATE OF LOUISIANA**

**VERSUS**

**S. R.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 09-749
HONORABLE GREGORY P. AUCOIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.

**AFFIRMED.**

**Edward Moses, Jr.**
**Moses Law Firm, L.L.C.**
**P. O. Box 83232**
**Baton Rouge, LA 70884**
**(225) 295-5632**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **S. R.**

**Shane E. Romero, Jr.**
**110 E. Pershing St.**
**New Iberia, LA 70560**
**(337) 321-6945**
**COUNSEL FOR APPELLEE:**
    **C. R.**

**PICKETT, Judge.**

S.R.[1] appeals the judgment of the trial court, agreed to by consent of the parties, releasing insurance settlement proceeds due to S.R. and her attorney and, from those settlement proceeds, ordering payment of past due child support arrearages to the Department of Children and Family Services and C.R., the father of S.R.'s children.

## PROCEDURAL ISSUES

At the outset, we note some procedural irregularities with this case. When this record was lodged with this court, it included only the following documents:

1. A Minute Entry dated June 26, 2018 referencing a hearing on a Motion for Reduction of Costs.

2. A Motion and Order for Appeal filed on July 26, 2017, which seeks appeal from the trial court's amended judgment of March 14, 2017. The Order granting the appeal was signed by the trial court on August 4, 2017.

3. An Order dated October 29, 2018, setting the appeal costs at $1,500.00 pursuant to a motion to reduce appeal costs. This order also contains the following language:

> IT IS ORDERED, ADJUDGED, and DECREED that the 3rd Circuit Court of Appeal did grant S[.] R[.] use of her non-support record, docket number 09 N 749, lodged in her adoption appeal docket number 1582 without duplication.
>
> IT IS ORDERED, ADJUDGED, and DECREED that the Iberia Parish Clerk shall only prepare the designated portions of S[.] R[.] non-support record.

---

[1] In order to preserve the privacy of the children involved in the related adoption proceedings, we will use initials to identify the parties throughout this opinion.

> IT IS ORDERED, ADJUDGED, and DECREED
> that S[.] R[.] did designate as her record for appeal a
> copy of the Chronological Index itemization of the
> original non-support record that is lodged in her
> aforementioned adoption proceeding.

4. The Chronological Index in the non-support case, dating from August 21, 2009 through September 26, 2018.

Although the trial court's judgment states that S.R. designated the appellate record, the record sent to this court lacks any motion to so designate. Such designations are required to be in writing. La.Code Civ.P. art. 2128. Further, La.Code Civ.P. art. 2129 requires, in pertinent part, "Where the appellant designates only portions of the record as the record on appeal, he must serve with his designation a concise statement of the points on which he intends to rely, and the appeal shall be limited to those points." Also absent from the record provided to this court was a copy of the judgment from which S.R. is appealing.

Given the incomplete nature of the record as presented to us, on March 19, 2019, after this appeal had been assigned to a panel of this court for review, this court ordered the district court clerk to return the record in this non-support case, which had formed a part of the record by order of this court in *In re: ALR and BAR*, 17-916 (La.App. 3 Cir. 3/14/18), 240 So.3d 273, *writ denied*, 18-954 (La. 8/31/18), 251 So.3d 413:

> In *In Re: ALR and BAR*, bearing this court's docket number 17-916 and the district court's docket number 15-82, a prior order was issued by this court dated December 7, 2017, through which this court ordered the record in the instant case, the non-support case bearing the district court's docket number 09-749, be prepared and transmitted to this court for lodging as an exhibit in that appeal since the record in the non-support case had been admitted into evidence in *In Re: ALR and BAR*, 17-916. In another order from this court issued January 9, 2018, issued in this court's docket number 17-916, this court ordered that S[.] R[.] be permitted to use this exhibit in the then unlodged appeal from the judgment in the non-support case, bearing the district court's docket number 09-749.

2

Upon the lodging of the record in the instant appeal in this non-support case, bearing the district court's docket number 09-749, this court noted the absence of the previously sent record in these proceedings. Although the exhibit record in these proceedings was returned to the district court upon the completion of the appeal in this court's docket number 17-916, the district court failed to return this exhibit record when the record in the district court's docket number 09-749 was transmitted to this court.

THEREFORE, IT IS HEREBY ORDERED that the Clerk of the Sixteenth Judicial District Court, Iberia Parish, forward to this court, by no later than March 29, 2019, the previously prepared record that was transmitted to this court as an exhibit in the appeal in this court's docket number 17-916. In the event this record is no longer in the possession of the district court, the Clerk of the Sixteenth Judicial District Court, Iberia Parish, is hereby ordered to duplicate this record again and transmit it to this court no later than March 29, 2019. If the Clerk of the Sixteenth Judicial District Court, Iberia Parish, cannot provide this record to this court, the Clerk is hereby ordered to respond to this order, in writing, by no later than March 29, 2019, to provide an explanation as to why compliance with the instant order cannot be accomplished.

When the Clerk of the Sixteenth Judicial District Court, Iberia Parish, complied with this order, we noted that the judgments from which S.R. has appealed were not made a part of the record. The last entry in that record is an exhibit list from the March 13, 2017 hearing and a minute entry from the same date which concludes with the following statements:[2]

The Court after hearing testimony presented will take this matter under advisement and render written reason in thirty (30) days.

The parties can send briefs to the Court for consideration.

Mr. Moses asked for a brief moment to speak to Mr. Romero outside of the Court room.

The parties returned and spoke to the court on there [sic] discussion and agreed to the following stipulation.

Mr. Romero stated that Mr. Moses with his client has agreed to pay $50,000.00 on these proceedings contemplating that the amount that is owed to Department of Family Services is $20,874.01.

---

[2] Mr. Moses is S.R.'s attorney and Mr. Romero is C.R.'s attorney.

> The Court ordered the $50,000.00 is to be sent to the Department of Family Services.
>
> They will take the amount owed to them and will submit the balance accordingly.
>
> Mr. Romero stated that this issued [sic] settles the contempt proceedings against [S.R.] and Mr. Moses.
>
> Mr. Moses will dismiss there [sic] respective actions.
>
> Judgment to be submitted at a later date.

This court then issued a second order to the clerk of court:

> Pursuant to the authority granted to this court by La.Code Civ.P. art. 2132 and finding that the record in this appeal omits material parts thereto, this court hereby orders a supplemental record be prepared by the district court, in duplicate, containing the two written judgments of the trial court dated of March 14, 2017, and any motion and order for designation of the record of the appeal in this matter. This record is to be transmitted to this court by no later than April 16, 2019.

We received a supplemental record which included two judgments dated March 14, 2017. The first was signed by the trial court at 8:55 a.m. but vacated by the trial court at 9:35 a.m. That judgment releases a $300,000.00 settlement payable by Valley Forge Insurance Company to S.R. and her attorney, Mr. Moses. The judgment orders $45,500.00 to be paid to the Department of Children and Family Services (DCFS) and the remaining $254,500.00 to be paid to S.R. and her attorney, Mr. Moses. The judgment further orders the release of $4,500.00 paid by Mr. Moses and S.R. to DCFS to purge a contempt charge against them. The judgment orders DCFS to tender $48,791.72 to C.R. and to retain $1,208.28 as the administrative fee on the $25,374.01 payable in accrued past due child support. The second judgment, signed by the trial court at 9:45 a.m. on March 14, 2017, contains substantially similar terms, but orders Valley Forge to pay DCFS the accrued past due child support and the excess $24,625.99 directly to C.R. We note

4

that both judgments contain the following paragraph before the terms of the settlement are set forth:

> After a trial and submission of the case to the Court, and before the Court rendered a judgment, the parties entered into a stipulation on the record to settle all matters and consent to the entering of this judgment to avoid further litigation, to-wit[.]

The only evidence of the designation of the record provided to this court was a copy of the October 29, 2018 order from the trial court setting court costs quoted above. Both parties attached additional documents to their briefs in support of their claims, including an email exchange regarding the judgments at issue, a portion of the transcript from the March 13, 2017 hearing, and a motion for a new trial and the transcript from the hearing for a new trial. We will not consider that information, as it has not been made a part of the record before us. "Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence." *Denoux v. Vessel Management Services, Inc.*, 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88 (citing La.Code Civ.P. art. 2164).

## FACTS

These parties have appeared before this court previously, litigating similar issues in *In re: ALR and BAR*, 17-916 (La.App. 3 Cir. 3/14/18), 240 So.3d 273, *writ denied*, 18-954 (La. 8/31/18), 251 So.3d 413. S.R. was ordered to pay child support in the amount of $305.00 per month. She consistently failed to pay any child support. C.R. re-married in April 2007. In 2012, C.R. and his new wife filed a petition for intrafamily adoption on the basis that S.R. failed to pay child support for six months and failed to communicate with the children without just cause for six months. The trial court granted the petition for intrafamily adoption, then annulled the judgment on the basis that service was improper and information was withheld from the curator appointed to represent S.R. C.R. and his wife re-urged

5

their petition, which was granted on the basis that S.R. failed to pay child support for a period of six months and that adoption by their father's new wife was in the best interests of the child. This court affirmed the judgment of the trial court. In the intrafamily adoption appeal, S.R. sought to consolidate the appeal in this support enforcement case, which this court denied, finding "judicial efficiency is not served with this consolidation." *Id.* at 276.

Based on the limited record before us, we can glean that S.R. secured a $300,000.00 insurance settlement. Because S.R. had failed to pay court ordered child support to C.R., the trial court issued a restraining order preventing the insurance company from disbursing funds to S.R. After a day-long trial, S.R. and her attorney then entered into a stipulation with DCFS and C.R. whereby the temporary restraining order could be released in return for a portion of the settlement funds being paid to DCFS and C.R. to satisfy her past due child support obligation. S.R. now appeals that consent judgment.

## ASSIGNMENTS OF ERROR

On appeal, S.R. asserts two assignments of error:

1. The Iberia Parish court erred in granting C[.R.'s] motion to set child support and medical support because it did not have subject matter jurisdiction over the suit that arose in Lafayette Parish.

2. The Iberia Parish trial court erred in granting C[.R.'s] amended child support judgment because it changed the substance of the previous final judgment with respect to who payments were to be made.

## DISCUSSION

In her first assignment of error, S.R. argues that the Iberia Parish District Court did not have subject matter jurisdiction over the child support enforcement proceeding. S.R. asserts that the proper venue for the support enforcement proceeding filed by the district attorney on behalf of DCFS was Lafayette Parish, because that is where the divorce proceeding was initiated. We find the Iberia

6

Parish court had subject matter jurisdiction because at the time the instant action was filed, the children were residents of Iberia Parish. There is no evidence in the record before us that a support order was ever issued in Lafayette Parish, so we do not find La.Code Civ.P. art. 2786 applicable, which requires a support order issued in one parish be registered in another parish. We also note that S.R. submitted to the jurisdiction of the court in Iberia Parish since 2009, never once complaining of the venue of the action until this appeal. We find this assignment of error lacks merit.

In the second assignment of error, S.R. complains that the second judgment signed by the trial court is a nullity because it improperly amended the judgment signed earlier in the day. We likewise find no merit in this assignment of error. The second judgment is a consent judgment. The differences are immaterial to S.R. – as a result of both judgments she receives $254,500.00 from the insurance company, her child support obligations are extinguished, and all other claims against her are dismissed. She has no interest in whom the insurance company writes checks to, as she agreed that she would pay $50,000.00 to satisfy her child support obligation in open court, according to the minute entry in the record.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to S.R.

**AFFIRMED.**